Ronald WENGER *v.* Maurice KIECH

81-124                                     616 S.W. 2d 714

Supreme Court of Arkansas
Opinion delivered July 13, 1981

*Ponder & Jarboe*, for appellant.

*Frierson, Walker, Snellgrove & Laser*, by: *G. D. Walker*, for appellee.

Robert H. Dudley, Justice. Appellant Ronald Wenger, a farm employee, brought this tort action against his employer, Maurice Kiech, for injuries sustained in the course of employment. Appellant and another employee rode on a large tractor to check fences and make repairs where needed. Neither employee had a right of supervision over the other. When they began work, appellant was standing beside the driver on the axle of the tractor and was holding onto the fender. This was the customary and established place for the second person to ride. After several stops appellant Wenger climbed atop a slightly elevated

grader blade which was at the rear of the tractor and was turned backwards. While riding on the blade appellant was injured when a limb flipped up from the ground and struck him on the leg. The appellant admitted that the accident would not have happened if he had been riding in the customary place. He also admitted that neither appellee Kiech, nor Kiech's foreman, knew about appellant Wenger riding on the blade. There was no evidence tending to prove that appellee had any reason to anticipate that appellant would ride on the blade. At the conclusion of the appellant's testimony, the trial court granted a directed verdict.

The employer owes an affirmative duty to furnish a safe place for an employee to work. *Mississippi Valley Power Co.* v. *Hubbard*, 181 Ark. 487, 26 S.W. 2d 118 (1930). However, when an employee selects an unsafe place for work, contrary to the place selected by the employer, and the employer could not reasonably anticipate the employee's action, then the employer owes no duty to make that position safe, and his failure to do so is not actionable negligence. *St. Louis, I. M. & S. Ry. Co.* v. *Schultz*, 115 Ark. 350, 171 S.W. 876 (1914). In this case the customary position was to ride on the axle of the tractor holding onto the fender. The employer had no reason to anticipate that any other place on the tractor would be occupied. If the employee had remained in the usual place he would not have been injured.

To determine the propriety of a directed verdict we take that view of the evidence most favorable to the plaintiff to see if there is any substantial evidence upon which the jury could have based a finding of negligence. *Jackson* v. *McCuiston*, 247 Ark. 862, 448 S.W. 2d 33 (1969). Taking that view of the evidence most favorable to the appellant, we can find no substantial evidence upon which a jury could have based a finding of negligence as the employer did not know, nor could he anticipate, that the employee would choose to ride on the grader blade.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. The appellant

did not argue that his employer was negligent in requiring him to ride on the axle of the tractor. He apparently assumed it was not improper for two people to be on a tractor. I agree with the result reached.